UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH A. BENNETT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ESIS, INC., )<br>)<br>Defendant. )<br>) | CASE NO. 4:11-cv-40091-FDS |

## ANSWER AND DEFENSES OF OF ESIS, INC. TO PLAINTIFF'S COMPLAINT

Pursuant to Fed. R. Civ. P. 8, defendant ESIS, Inc. ("ESIS"), by and through its undersigned attorneys, hereby responds to the numbered paragraphs of the Complaint of plaintiff Joseph A. Bennett as follows:

### PARTIES

1. ESIS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. ESIS admits that it is a duly organized Pennsylvania corporation that has a principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania. ESIS denies the remaining allegations of Paragraph 2.

3. ESIS admits that it is registered with the Massachusetts Secretary of the Commonwealth. The remaining allegations of Paragraph 3 contain legal conclusions to which no response is required from ESIS.

## **GENERAL ALLEGATIONS**

4. Paragraph 4 constitutes a legal conclusion to which no response is required from ESIS. To the extent Paragraph 4 contains allegations that require a response from ESIS, ESIS states that it is without knowledge or information sufficient to form a belief as to the truth of such allegations.

5. Paragraph 5 constitutes a legal conclusion to which no response is required from ESIS. To the extent Paragraph 5 contains allegations that require a response from ESIS, ESIS states that it is without knowledge or information sufficient to form a belief as to the truth of such allegations.

6. Paragraph 6 constitutes a legal conclusion to which no response is required from ESIS. To the extent Paragraph 6 contains allegations that require a response from ESIS, ESIS states that it is without knowledge or information sufficient to form a belief as to the truth of such allegations.

7. ESIS admits that it received a letter from Plaintiff's counsel dated June 3, 2010, and that the letter contained certain enclosures. ESIS further states that the letter and such enclosures speak for themselves.

8. Denied.

9. ESIS admits that it received a letter from Plaintiff's counsel dated July 13, 2010, and further states that Exhibit A to the Complaint appears to be an unsigned copy of such letter. ESIS further states that the letter speaks for itself, but ESIS specifically denies that such letter constitutes a valid demand letter under Mass. Gen. Laws c. 93A, § 9, or sets forth specific acts or practices by ESIS in violation of Mass. Gen. Laws c. 93A.

10. Paragraph 10 constitutes a legal conclusion to which no response is required from ESIS. To the extent Paragraph 10 contains allegations that requires a response from ESIS, ESIS admits that it did not make a settlement offer in response to the letters from Plaintiff's counsel dated June 3, 2010 and July 13, 2010. ESIS denies the remaining allegations of Paragraph 10.

11. ESIS admits that ESIS responded in writing to the letter from Plaintiff's counsel dated July 13, 2010. ESIS further states that ESIS's response letter speaks for itself. ESIS denies the remaining allegations of Paragraph 11.

12. ESIS admits that it has not made a settlement offer to Plaintiff. ESIS denies the remaining allegations of Paragraph 12. Responding further, ESIS states that ESIS has investigated Plaintiff's claim in good faith.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## **DEFENSES**

ESIS hereby raises the following defenses and reserves the right to raise any and all other potentially applicable defenses after discovery is undertaken.

### **First Defense**

Plaintiff's Complaint should be dismissed in its entirety because it fails to state a claim upon which relief can be granted.

### Second Defense

The Complaint fails to state a claim against ESIS upon which relief can be granted because Plaintiff's July 13, 2010 letter to ESIS does not comply with Mass. Gen. Laws c. 93A, § 9.

### Third Defense

The Complaint fails to state a claim against ESIS upon which relief can be granted because ESIS is not subject to Mass. Gen. Laws c. 176D, § 3(9).

### Fourth Defense

The Complaint fails to state a claim against ESIS upon which relief can be granted because ESIS is thus not subject to Mass. Gen. Laws c. 176D, § 3(9), inasmuch as ESIS is not in the business of insurance.

### Fifth Defense

The Complaint fails to state a claim against ESIS upon which relief can be granted because liability for Plaintiff's claim is not reasonably clear.

### Sixth Defense

Plaintiffs claim against ESIS is premature, inasmuch as Plaintiff's negligence claim, styled Bennett v. Phillips, et al., Civil Action No. WOCV 2010-02132 (Mass. Super. Ct.), is still ongoing.

### Seventh Defense

Plaintiff's claim is barred, in whole or in part, because no act or conduct by ESIS or any agent, servant or employee of ESIS caused any injury, damage or loss to Plaintiff.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, because ESIS has acted in good faith and

in accordance with its rights and obligations.

WHEREFORE, ESIS respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint with prejudice and enter judgment in ESIS's favor;

2. Award ESIS attorneys' fees, costs, and interest that it has incurred in defending against Plaintiff's Complaint; and

3. Grant ESIS such other and further relief as the Court deems just and appropriate.

**ESIS, INC.,**

By its Attorneys,

 /s/ Kurt M. Mullen
Gregory P. Deschenes (BBO # 550830)
gdeschenes@nixonpeabody.com
Kurt M. Mullen (BBO # 651954)
kmullen@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110-2131
(617) 345-1000
(617) 345-1300 (facsimile)

Dated:  May 16, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all parties registered for electronic notification via the Court's electronic filing system on May 16, 2011.

/s/ Kurt M. Mullen
Kurt M. Mullen