UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH A. BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 4:11-cv-40091-FDS |
| ) | |
| ESIS, INC., ) | |
| ) | |
| Defendant. ) | |

**ESIS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY ACTION
PENDING RESOLUTION OF UNDERLYING NEGLIGENCE ACTION**

**INTRODUCTION**

Defendant ESIS, Inc. ("ESIS") submits this memorandum in support of its motion to stay this action pending the resolution of Plaintiff's underlying negligence action, Bennett v. Phillips, Civil Action No. WOCV 2010-02132 (Mass. Super. Ct., Worcester Cty.) (the "Underlying Negligence Action").[1]

Plaintiff's action against ESIS asserts that ESIS has committed an unfair claim settlement practice in violation of Mass. Gen. Laws c. 93A and c. 176D, § 3(9)(f), related to ESIS's alleged handling of the Underlying Negligence Action. Plaintiff seeks in this action the same underlying damages that he seeks in the Underlying Negligence Action, plus multiple damages and attorney's fees. For reasons of judicial economy and to avoid prejudice to ESIS of being forced

---

[1] Prior to bringing this motion, counsel for ESIS conferred by telephone on May 6, 2011 at 1:25 p.m. with counsel for plaintiff, Timothy P. Wickstrom, Esq., in a good faith effort to resolve or narrow the issue presented by this motion.

13458977.3

to defend an unfair claim settlement practices action while the Underlying Negligence Action is ongoing, this Court should stay this action pending the resolution of the Underlying Negligence Action.

## BACKGROUND

### A. The Underlying Negligence Action.

In October 2010, Plaintiff filed the Underlying Negligence Action in the Massachusetts Superior Court, Worcester County, against The Quikrete Companies, Inc. ("Quikrete") and a Quikrete employee.  (A copy of the First Amended Complaint in the Underlying Negligence Action is attached as Exhibit A to the Affidavit of Kurt M. Mullen (the "Mullen Aff."), submitted herewith.)  The Underlying Negligence Action, which involves the same October 30, 2007 motor vehicle accident that is the subject of this action, asserts a negligence claim against Quikrete's employee and a vicarious liability claim against Quikrete.  (See Mullen Aff., Ex. A at ¶¶ 5-6, 8-9.)  Plaintiff claims $5 million in damages in the Underlying Negligence Action.  (A copy of the Civil Action Cover Sheet in the Underlying Negligence Action is attached as Exhibit B to the Mullen Aff.)  ESIS has retained counsel to defend Quikrete in the Underlying Negligence Action.

The Underlying Negligence Action is pending in the Worcester Superior Court and has been assigned by the Superior Court to the F Track.  (A copy of the Scheduling Order in the Underlying Negligence Action is attached as Exhibit C to the Mullen Aff.)  Pursuant to the Scheduling Order, the Underlying Negligence Action shall be resolved and judgment shall issue by July 25, 2012.  (See id.)

### B.     Plaintiff's action against ESIS.

On April 14, 2011, Plaintiff filed this action against ESIS in the Massachusetts Superior Court, Worcester County. This action relates to ESIS's handling of Plaintiff's claim that is the subject of the Underlying Negligence Action. (See Complaint.) Plaintiff seeks in this action $5 million in underlying damages, plus multiple damages, attorney's fees, costs, interest and expenses. (A copy of the Civil Action Cover Sheet in this action, as filed by Plaintiff in the Massachusetts Superior Court, is attached as Exhibit D to the Mullen Aff.)

Plaintiff's Complaint in this action makes the following allegations against ESIS:[2]

- On or about October 30, 2007, Plaintiff was involved in a motor vehicle accident with an employee of Quikrete. (Complaint, at ¶ 4.)

- The negligence of Quikrete's employee was clear and caused Plaintiff to sustain clear damages. (Complaint, at ¶¶ 5-6.)

- On June 3, 2010, Plaintiff sent a demand letter to ESIS, together with medical bills, medical records and medical reports in support of his claim. (Complaint, at ¶ 7.) The next month, Plaintiff wrote a letter to ESIS pursuant to Mass. Gen. Laws c. 93A. (Id., at ¶ 9.)

- In response, ESIS demanded additional information from Plaintiff. (Complaint, at ¶ 11.)

---

[2]  ESIS denies many of the allegations and legal conclusions set forth in the Complaint. Among other things, ESIS disputes Plaintiff's assertion that liability and damages in the Underlying Negligence Action are "reasonably clear." Additionally, ESIS does not act in the business of insurance and thus is not liable under Mass. Gen. Laws c. 93A, § 9 for a violation of Mass. Gen. Laws c. 176D, § 3(9). See Answer, Third and Fourth Defense.

- Plaintiff has provided additional information to ESIS and has undergone two physical examinations at ESIS's request. (Complaint, at ¶ 12.) Nevertheless, ESIS has failed to effectuate a prompt, fair and equitable settlement of Plaintiff's claim in which liability is reasonably clear, in violation of Mass. Gen. Laws c. 93A and c. 176D, § 3(9)(f). (Id., at ¶¶ 13-16.)

On May 9, 2011, ESIS removed this action to this Court. ESIS filed its answer on May 16, 2011. No Rule 16 conference has been scheduled, and the parties have not exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(3).

## ARGUMENT

### This action should be stayed until the Underlying Negligence Action is resolved.

This Court should exercise its discretion to stay this action against ESIS until the Underlying Negligence Matter is resolved. See Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004) (court has inherent power to stay actions for prudential reasons). By proceeding with a Chapter 93A action against ESIS before resolution of the Underlying Negligence Action, Plaintiff is putting the cart before the horse. Indeed, Massachusetts courts routinely stay bad faith claims filed against a liability insurer for alleged unfair claim settlement practices while an underlying claim is pending, an approach that the Massachusetts Appeals Court has characterized as a "sensible step." M.J. Flaherty Co. v. United States Fid. & Guar. Co., 61 Mass. App. Ct. 337, 340; 810 N.E.2d 823 (2004) (citing Bobick v. United States Fid. & Guar. Co., 439 Mass. 652, 654-55; 790 N.E.2d 653 (2003).

The reasons for staying this action are two-fold. First, Plaintiff seeks the same underlying damages ($5 million) in this action that he does in the Underlying Negligence Action. Resolution of the Underlying Negligence Action will delineate the scope of Plaintiff's damages,

4

if any, in this action. Accordingly, Plaintiff's action under Chapters 93A and 176D is premature until the Underlying Negligence Action is resolved. Staying this action will conserve the resources of the parties and the Court.

Second, ESIS, and possibly Quikrete, would be severely prejudiced if ESIS is required to produce documents and submit to discovery in this action regarding ESIS's handling of this claim while the Underlying Negligence Action is ongoing. ESIS's investigation into the accident, including whether liability is "reasonably clear" with respect to fault and damages; see Clegg v. Butler, 424 Mass. 413, 421, 676 N.E.2d 1134 (1997) (liability for purposes of Mass. Gen. Laws c. 176D, § 3(9)(f) encompasses fault and damages); would include documents in ESIS's possession that reflect work product and communications from Quikrete's counsel concerning the Underlying Negligence Action. These documents are protected by the attorney-client privilege, as well as the attorney work product and joint defense privilege/common interest doctrines. If this action were to proceed while the Underlying Negligence Action is ongoing, ESIS would be faced with a Hobson's choice of: (1) asserting such privileges or protections and thus prejudicing its ability to defend this action, or (2) waiving such privileges or protections – and seeking Quikrete's consent for ESIS to waive such privileges and protections – and thus prejudicing the defense of the Underlying Negligence Action. Massachusetts courts have long recognized that a stay of a bad faith claim is necessary to protect the insurer's claim file materials and privileged evaluations during the time the underlying claim is pending against its insured, as well as precluding discovery of attorney-client privileged communications with and work product generated by defense counsel. For these reasons, unfair claim settlement practices suits are ordinarily stayed by Massachusetts courts pending the resolution of the underlying liability claims. See, e.g., Gross v. Liberty Mutual Ins. Co., No. 84-0138, 1984 Mass. App.

LEXIS 2011, *2 (App. Ct. April 24, 1984) (Kass, J., single justice); Royal Ins. Co. v. Stoneham Auto Body, No. 93-J-923, 1993 Mass. App. LEXIS 1231 (App. Ct. Dec. 7, 1993) (Gillerman, J., single justice), slip op. at 1; see also Soares v. LeBlanc, No. SJ-95-0417 (Mass. Oct. 23, 1995) (O'Connor, J., single justice) (vacating district court's denial of insurer's motion for protective order and staying discovery while underlying tort case is ongoing) (electronic docket sheet attached as Exhibit E to the Mullen Aff.).  By contrast, Plaintiff will suffer no prejudice if this action were to be stayed.

Accordingly, this Court should exercise its inherent power to stay this action pending the resolution of the Underlying Negligence Action.  See Microfinancial, 385 F.3d at 77.

## CONCLUSION

For the foregoing reasons, ESIS respectfully requests that the Court grant ESIS's Motion to Stay pending the resolution of the Underlying Negligence Action.

> Respectfully submitted,
>
> **ESIS, INC.,**
>
> By its Attorneys,
>
> /s/ Kurt M. Mullen
> Gregory P. Deschenes (BBO # 550830)
> gdeschenes@nixonpeabody.com
> Kurt M. Mullen (BBO # 651954)
> kmullen@nixonpeabody.com
> NIXON PEABODY LLP
> 100 Summer Street
> Boston, MA  02110-2131
> (617) 345-1000
> (617) 345-1300 (facsimile)

Dated:  May 25, 2011

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served upon all parties registered for electronic notification via the Court's electronic filing system on May 25, 2011.

/s/ Kurt M. Mullen
Kurt M. Mullen