UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH A. BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 4:11-cv-40091-FDS |
| ) | |
| ESIS, INC., and ) | |
| ACE AMERICAN INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND DEFENSES OF ESIS, INC. AND ACE AMERICAN INSURANCE COMPANY TO PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 8 and 15(a), defendants ESIS, Inc. ("ESIS") and ACE American Insurance Company ("ACE American") hereby respond to the numbered paragraphs of the Amended Complaint of plaintiff Joseph A. Bennett as follows:

**PARTIES**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Defendants admit that ESIS is a duly organized Pennsylvania corporation that has a principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania. Defendants deny the remaining allegations of Paragraph 2.

3. Defendants admit that ESIS is registered with the Massachusetts Secretary of the Commonwealth. The remaining allegations of Paragraph 3 contain legal conclusions to which no response is required from Defendants.

4. Admitted.

5. Defendants admit that ACE American is licensed to provide property and casualty insurance in Massachusetts. Defendants further admit that ACE American has an office located at 33 Arch Street, Boston, Massachusetts. The remaining allegations of Paragraph 5 contain legal conclusions to which no response is required from Defendants.

## GENERAL ALLEGATIONS

6. Paragraph 6 constitutes a legal conclusion to which no response is required from Defendants. To the extent Paragraph 6 contains allegations that require a response from Defendants, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of such allegations.

7. Paragraph 7 constitutes a legal conclusion to which no response is required from Defendants. To the extent Paragraph 7 contains allegations that require a response from Defendants, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of such allegations.

8. Paragraph 8 constitutes a legal conclusion to which no response is required from Defendants. To the extent Paragraph 8 contains allegations that require a response from Defendants, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of such allegations.

## COUNT I (JOSEPH BENNETT v. ESIS, INC.)
## (VIOLATION OF 93A AND 176D)

9. Defendants restate and incorporate their responses to Paragraphs 1-8, as if set forth in full herein.

10. Defendants admit that ESIS received a letter from Plaintiff's counsel dated June 3, 2010, and that the letter contained certain enclosures. Defendants further state that the letter and such enclosures speak for themselves.

11. Denied.

12. Defendants admit that ESIS received a letter from Plaintiff's counsel dated July 13, 2010. Defendants further state that the letter speaks for itself, but Defendants specifically deny that such letter constitutes a valid demand letter under Mass. Gen. Laws c. 93A, § 9, or sets forth specific acts or practices by ESIS in violation of Mass. Gen. Laws c. 93A. Responding further, Defendants state that there is no Exhibit A attached to the Amended Complaint.

13. Paragraph 13 constitutes a legal conclusion to which no response is required from Defendants. To the extent Paragraph 13 contains allegations that require a response from Defendants, Defendants admit that ESIS's response, dated August 30, 2010, did not make a settlement offer in response to the letters from Plaintiff's counsel dated June 3, 2010 and July 13, 2010. Defendants deny the remaining allegations of Paragraph 13.

14. Defendants admit that ESIS responded in writing to the letter from Plaintiff's counsel dated July 13, 2010. Defendants further state that ESIS's response letter, dated August 30, 2010, speaks for itself. Defendants deny the remaining allegations of Paragraph 14.

15. Denied. Responding further, Defendants state that ESIS has investigated Plaintiff's claim in good faith.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## COUNT II (JOSEPH BENNETT v. ACE AMERICAN INSURANCE COMPANY)
## (VIOLATION OF 93A AND 176D)

21. Defendants restate and incorporate their responses to Paragraphs 1-20, as if set forth in full herein.

22. Defendants admit that ACE American underwrote a Business Auto policy (the "ACE American Policy") on which The Quikrete Companies, Inc. ("Quikrete") is the named insured. Defendants further admit that the ACE American Policy has a policy period of January 1, 2007 to January 1, 2008. Responding further, Defendants state that the terms and conditions of the ACE American Policy speak for themselves.

23. Defendants admit that ESIS received a letter from Plaintiff's counsel dated June 3, 2010, and that the letter contained certain enclosures. Defendants further state that the letter and such enclosures speak for themselves. Defendants deny that ESIS is ACE American's agent.

24. Admitted.

25. Denied.

26. Denied. Responding further, Defendants state that ACE American extended an offer to settle Plaintiff's claims against Quikrete and Bruce Phillips by letter dated July 8, 2011.

27. Admitted.

28. Denied.

29. Paragraph 29 constitutes a legal conclusion to which no response is required from Defendants. To the extent Paragraph 29 contains allegations that require a response from Defendants, Defendants admit that, though June 9, 2011, ACE American did not make a

settlement offer in response to the letters from Plaintiff's counsel dated June 3, 2010 and July 13, 2010. Defendants deny the remaining allegations of Paragraph 29.

30. Defendants admit that ACE American received a letter from Plaintiff's counsel dated June 9, 2011, and that the letter was addressed to ACE American, among other entities. Defendants further state that the letter speaks for itself, but Defendants specifically deny that such letter constitutes a valid demand letter under Mass. Gen. Laws c. 93A, § 9, or sets forth specific acts or practices by ACE American in violation of Mass. Gen. Laws c. 93A. Responding further, Defendants state that there is no Exhibit B attached to the Amended Complaint.

31. Defendants admit that ACE American's counsel sent a letter to Plaintiff's counsel on July 8, 2011 in response to the letter that is referenced in Paragraph 30. Defendants deny the remaining allegations in Paragraph 31.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## DEFENSES

Defendants hereby raise the following defenses and reserve the right to raise any and all other potentially applicable defenses after discovery is undertaken.

### First Defense

The Amended Complaint should be dismissed in its entirety because it fails to state a claim upon which relief can be granted.

### Second Defense

The Amended Complaint fails to state a claim against Defendants upon which relief can be granted because neither Plaintiff's July 13, 2010 letter to ESIS nor his June 9, 2011 letter to ACE American complies with Mass. Gen. Laws c. 93A, § 9.

### Third Defense

The Amended Complaint fails to state a claim against ESIS upon which relief can be granted because ESIS is not subject to Mass. Gen. Laws c. 176D, § 3(9).

### Fourth Defense

The Amended Complaint fails to state a claim against ESIS upon which relief can be granted because ESIS is not subject to Mass. Gen. Laws c. 176D, § 3(9), inasmuch as ESIS is not in the business of insurance.

### Fifth Defense

The Amended Complaint fails to state a claim against Defendants upon which relief can be granted because liability for Plaintiff's claim is not reasonably clear.

**Sixth Defense**

Plaintiff's claims against Defendants are premature, inasmuch as Plaintiff's negligence claim, styled <u>Bennett v. Phillips, et al.</u>, Civil Action No. WOCV 2010-02132 (Mass. Super. Ct.), is still ongoing.

**Seventh Defense**

Plaintiff's claims are barred, in whole or in part, because no act or conduct by Defendants or any agent, servant or employee of Defendants caused any injury, damage or loss to Plaintiff.

**Eighth Defense**

Plaintiff's claims are barred, in whole or in part, because Defendants have acted in good faith and in accordance with their rights and obligations.

WHEREFORE, Defendants respectfully requests that this Court:

1. Dismiss Plaintiff's Amended Complaint and enter judgment in Defendants' favor;

2. Award Defendants attorneys' fees, costs, and interest that they have incurred in defending against Plaintiff's Complaint and Amended Complaint; and

3. Grant Defendants such other and further relief as the Court deems just and appropriate.

        **ESIS, INC. and ACE AMERICAN INSURANCE COMPANY**

        By their Attorneys,

        /s/ Kurt M. Mullen
        Gregory P. Deschenes (BBO # 550830)
        gdeschenes@nixonpeabody.com
        Kurt M. Mullen (BBO # 651954)
        kmullen@nixonpeabody.com
        NIXON PEABODY LLP
        100 Summer Street
        Boston, MA  02110-2131
        (617) 345-1000
        (617) 345-1300 (facsimile)

Dated:  November 22, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all parties registered for electronic notification via the Court's electronic filing system on November 22, 2011.

        /s/ Kurt M. Mullen
        Kurt M. Mullen

13673985.1